# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ALFREDO VASQUEZ**,

        Plaintiff,

vs.                                         **CIVIL NO. 05-498 MCA/DJS**

**ALLEN COOPER and DONALD LACY, D.O.**,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that he was subjected to cruel and unusual punishment and denied medical care while being held in the Cibola County Correctional Center. Specifically, Plaintiff states that he was denied timely treatment for a broken finger, resulting in permanent damage to the digit and impinging upon his ability to earn a living as a butcher.

2. Defendant Allen Cooper filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) in which he asserts that Plaintiff failed to state a claim against any Defendant upon which relief can be

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

granted and that, due to his limited participation in the events detailed in the complaint, Plaintiff's claims should be dismissed against him. (Docket No. 11). Defendant Lacy filed an answer to the complaint in which he seeks dismissal of the action. Plaintiff failed to respond to the motion to dismiss.

    3. The standard courts use to determine whether a prisoner's Eighth Amendment rights have been violated is "deliberate indifference". See Wilson v. Seiter, 501 U.S. 294, 297 (1994). This standard applies in non-emergency situations involving prisoners or when the state's responsibility to the prisoner does not clash with other equally important governmental responsibilities. See Whitley v. Albers, 475 U.S. 312, 320 (1986). One of the core concerns of the Eighth Amendment is inmate access to necessary medical care.  See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980), cert. den., 450 U.S. 1041 (1981).  In a §1983 action for damages, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment."  Id. at 574-575. A deliberate indifference to serious medical needs may be "manifested...[by] denying or delaying access to medical care....". Estelle v. Gamble, 429 U.S. 97, 104 (1976).

    4. There are two parts to the Estelle standard. First, the prisoner must produce objective evidence that the medical need in question was in fact "serious."  Second, the prisoner must produce subjective evidence of the prison official's culpable state of mind--that he was deliberately indifferent to the prisoner's medical needs. Id. at 106. "Deliberate indifference" in the Eighth Amendment context requires that the prison official "know[s] of and disregard[s] an excessive risk to inmate health or safety;  the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511

U.S. 825, 837 (1994).  In addition, "personal participation is an essential allegation" that must be proven before a plaintiff can recover on a § 1983 claim.  Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). Simply demonstrating that the defendant occupied a supervisory position is not sufficient to establish individual liability. Id. Rather, a §1983 plaintiff must "show that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or  his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997) (internal quotation marks omitted).  Where deliberate indifference is alleged on the basis of a supervisor's failure to train subordinates, the plaintiff must show "a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir.1988).

   5. Plaintiff has failed to show deliberate indifference to his medical needs by the named Defendants. In his complaint, Plaintiff details that he injured his finger and arm on June 24, 2004 while playing soccer. Plaintiff saw medical staff at the facility that day and his arm was placed in a cast, his finger was placed in a splint, and he was given ibuprofen. Plaintiff asserts that he subsequently described pain and swelling in his finger, he was required to work as a hallway porter and no treatment was provided. Plaintiff states that his arm was x-rayed two weeks later, but his finger was not x-rayed or examined by a doctor for another two weeks. At that point, the doctor scheduled Plaintiff to see a specialist. In his answer, Defendant Lacy admits that he examined Plaintiff's finger on July 7, 2004 and taped Plaintiff's apparently sprained finger. Document No. 13, p. 2. On July 20, 2004, Defendant Lacy examined the finger again based on Plaintiff's reports of continued pain, x-rayed the finger, and scheduled Plaintiff for a consult with a specialist on July 23, 2004. Id. Plaintiff contends that he did not see a specialist for another week and that doctor told him

he would operate on the broken finger in another week. According to Plaintiff, the operation did not occur for another month. Plaintiff asserts that he had to keep working during the treatment and recovery of his broken finger in order to preserve his job within the facility and that, when consulted, the doctor told him that working would be a problem. He further asserts that after the bandages were removed from his finger and it continued to be misshapen, the doctor recommended stretching exercises, which failed to straighten the finger.

6. As mentioned, Defendant Cooper moved to dismiss the complaint against him on the ground that Plaintiff did not allege sufficient personal involvement or knowledge on his part to sustain a claim against him. Plaintiff's only mention of Defendant Cooper, who is warden of the Cibola County Correctional Center, is the allegation on page six of the Complaint that he confronted the Warden with ihis problem and talked to the medical department once again. Subsequently, the medical department at the facility examined his finger further and told Plaintiff that nothing more could be done for the finger and that he would not have experienced the difficulties he is having with it if he had been treated properly from the time the finger was broken. "[A] supervisor is not liable under §1983 for the actions of a subordinate unless an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise." Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir.1996) (quotation and citation omitted). Here, no such link is alleged and Plaintiff's informing Defendant Cooper of his problems with his finger after treatment and prior to returning to the medical department for further treatment is not sufficient to show either a failure to supervise by Defendant Cooper or Cooper's personal participation in any failure's in Plaintiff's medical care. As noted, the fact that Cooper was warden is insufficient to establish liability on his part. Mitchell, 80 F.3d at 1441. Accordingly, the complaint should be

dismissed against Defendant Cooper.

7. Plaintiff does not specify that the doctor who treated and checked his finger at the facility was Defendant Lacy. For the purpose of these findings, the Court assumes that Defendant Lacy was the only doctor to treat Plaintiff's finger, apart from the specialist who performed surgery upon it. Given those assumptions, Plaintiff's allegations do not amount to deliberate indifference on the part of Defendant Lacy. Defendant Lacy did not perform surgery upon Plaintiff's hand, but rather referred him to a specialist for the operation. Plaintiff does not allege and presents no evidence that Defendant Lacy is responsible for either the delay in Plaintiff's surgery or the delay between the injury and Dr. Lacy's initial examination of Plaintiff. Plaintiff has not shown that Defendant Lacy disregarded a risk to his safety, rather, Dr. Lacy examined Plaintiff's finger several times, prescribed pain medication and a consult with a specialist, recommended stretching exercises, and later treated the finger further. These facts do not demonstrate deliberate indifference to Plaintiff's welfare that violates the Eighth Amendment. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir.1999) (citation omitted). The allegations in the complaint do not appear to rise to the level of medical malpractice

8. On page seven of his complaint, Plaintiff states that the acts or omissions of the medical department of the Cibola County Correctional Center constituted inadequate diagnosis and treatment. '[D]eliberate indifference' is a stringent standard of fault." Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." Id. at 407. Assuming that Plaintiff could name additional individual defendants and show their personal participation in his treatment, his allegations in the complaint are not sufficient

to state an Eighth Amendment claim. Accordingly, the complaint should be dismissed.

**RECOMMENDED DISPOSITION**

That Defendant Cooper's Motion to Dismiss be granted and this action dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**